IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MICHAEL ARDIS,

    Plaintiff,
v.                                                                       CASE NO. 3:18-cv-1273-MCR-GRJ

GARY BERGOSH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this civil action by filing ECF No. 1, a *pro se* "Complaint for Emergency Injunctive Relief and Declaratory Relief and Other Relief." Plaintiff has been granted leave to proceed as a pauper, and is proceeding pursuant to a First Amended Complaint, ECF No. 11 ("Amended Complaint"), as supplemented by ECF No. 14 ("Supplement"). For the following reasons, the undersigned recommends that injunctive relief be denied and this case dismissed for lack of subject matter jurisdiction.

Plaintiff seeks emergency injunctive relief in connection with pending hearings in a state domestic relations case, identified in ECF No. 1 as Escambia County Case No. 2009 DR 003717, which concerns child

custody matters and a domestic violence injunction against Plaintiff. According to the allegations of the original Complaint, a hearing was scheduled for May 7, 2018.  ECF No. 1 at 15-19.  The Amended Complaint alleges that a hearing is presently set for June 8, 2018.  Plaintiff also alleges that the state court judge has set an arraignment for June 19, 2018, and a trial for July 20, 2018, on charges arising from Plaintiff's asserted violation of the state court injunction and contempt of court.  The 25 named defendants include state court judges, prosecutors, public defenders, and law enforcement officers, all of whom are alleged to have violated Plaintiff's due process rights.  Plaintiff alleges that he has been unlawfully incarcerated on five different occasions from October 2010 to December 2017 in connection with the underlying state proceedings.  Plaintiff contends that in light of alleged prior denials of his due process rights by state officials, he is entitled to seek relief in this Court in the form of an injunction that "IMMEDIATELY halts <u>all</u> proceedings in the First Judicial Circuit of Florida."  ECF No. 11 at 21.  Plaintiff does not seek monetary relief.  *Id*.

     Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  A plaintiff invoking the

court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994). The allegations of the Complaint are insufficient to establish a basis for the exercise of federal subject matter jurisdiction with regard to a pending state domestic relations and child custody case, as well as criminal charges arising in connection with such cases. Such proceedings arise under state law, and the Complaint alleges no facts suggesting that this Court has jurisdiction over any aspect of the pending state proceedings. Plaintiff is not currently in custody, and therefore the Court lacks habeas corpus jurisdiction over claims relating to his criminal prosecution. To the extent that Plaintiff could seek such relief following any conviction, he must first exhaust all available state postconviction remedies. *See* 28 U.S.C. § 2254(b).

Further, under *Younger v. Harris*, 401 U.S. 37, 41-45 (1971), the Court is barred from hearing claims regarding Plaintiff's pending state court hearing. *Younger* describes "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances" and notes that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions". *Younger*, 401 U.S. at 41. "Since the beginning of this

country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43.  Plaintiff asserts that his claims establish "bad faith" on the part of state officials that merit an exception to the *Younger* abstention doctrine, but his claims are wholly conclusional and factually insufficient.  Because Plaintiff has not shown that an exception to the *Younger* abstention doctrine applies to this case,[1] the Court has no authority to grant the relief that Plaintiff requests.

Even if the Court had subject matter jurisdiction over Plaintiff's claims and found merit in Plaintiff's argument that *Younger* should not bar relief, his request for a preliminary injunction is due to be denied.  "It is well recognized that courts may not enter injunctions against persons or entities that [a]re not party to the litigation before them." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (11th Cir. 2012).  No Complaint has been served, and therefore there are no parties to enjoin.  In addition, Plaintiff's allegations are too vague and conclusional to support a motion for injunctive relief.

---

[1] One such exception that may allow for interference by a federal court in a state court proceeding is if there is a showing of irreparable injury. *Younger*, 401 U.S. at 46. Notably, however, "in view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate.'" *Id.* (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)). The factual allegations do not support a conclusion that Plaintiff would suffer any irreparable injury if the Court does not intervene in his pending state court case.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997)*,* citing *United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)*.* Guiding this discretion is the required finding that plaintiff establish:

>   (1) a substantial likelihood of success on the merits;
>
>   (2) a substantial threat of irreparable injury if the injunction were not granted;
>
>   (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant;  and
>
>   (4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112 F.3d at 1126*; United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983)*.* A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519*,* citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974)*.*

   The Amended Complaint wholly fails to establish the four prerequisites for injunctive relief. For example, Plaintiff generally claims

that the defendant state officials have denied him due process in connection with multiple state domestic and criminal proceedings. Such general and conclusional claims do not demonstrate a "a substantial likelihood of success on the merits" and are facially insufficient to support a claim for preliminary injunctive relief. *See* ECF No. 11.

Additionally, pursuant to Fed. R. Civ. P. 65(c), "[t]he Court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or retrained." Plaintiff's motion is not accompanied by any security, and therefore it is procedurally defective.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's motion for emergency injunctive relief be **DENIED** and this case **DISMISSED** for lack of subject matter jurisdiction and pursuant to the *Younger* abstention doctrine.

**IN CHAMBERS** this 7th day of June 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**